IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SAMUEL B. FRAZIER,** | : | **PRISONER HABEAS CORPUS** |
| **GDC ID # 855739,** | : | **28 U.S.C. § 2254** |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **T. J. CONLEY, Warden, et al.** | : | **CIVIL ACTION NO.** |
|     Respondents. | : | **1:17-CV-402-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Samuel B. Frazier, confined in Washington State Prison in Davisboro, Georgia, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in order to challenge his DeKalb County convictions. [Doc. 1.] Petitioner also submitted a motion for evidentiary hearing. [Doc. 11.] Respondent Warden T. J. Conley filed an answer-response, [Doc. 6], and a motion to dismiss this action as untimely, [Doc. 7]. Respondent Samuel S. Olens, a former Georgia Attorney General, filed a motion to dismiss as improper party respondent. [Doc. 8.]

"If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Ordinarily, the proper respondent is the warden of the petitioner's institution. *Id.*, Advisory Committee

AO 72A
(Rev.8/82)

Notes. In the present case, Conley is the warden of Petitioner's institution and is therefore the only proper respondent. Accordingly, Olens's motion to dismiss as improper party respondent, [Doc. 8], is **GRANTED**. The Clerk is **DIRECTED** to terminate Olens from this case.

For the reasons discussed below, the undersigned (1) **RECOMMENDS** that Conley's motion to dismiss be **GRANTED** and this action be **DISMISSED** as untimely, and (2) **ORDERS** that Petitioner's motion for evidentiary hearing is **DENIED AS MOOT**.

I. Discussion

On February 13, 2013, Petitioner pleaded guilty to vehicular homicide and driving under the influence. [Doc. 1 at 1.] Petitioner was sentenced to twenty years imprisonment, suspended after fifteen years, followed by five years probation. [*Id.*; Doc. 9-1 at 1.] Petitioner did not appeal. [Doc. 1 at 2.]

On December 12, 2013, Petitioner filed a habeas corpus petition in the Washington County Superior Court. [Doc. 9-4.] That petition was denied in a final order filed on November 12, 2015. [Doc. 9-6.] The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause on September 6, 2016, and issued the remittitur on October 3, 2016. [Docs. 9-8, 9-9.]

In his § 2254 petition, executed on January 30, 2017, Petitioner claims that he received ineffective assistance of counsel. [Doc. 1 at 5-6, 8-9.] Respondent Conley moves to dismiss this action as untimely. [Doc. 7.]

A § 2254 action is subject to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A) Petitioner's convictions became final; (B) a State impediment to filing Petitioner's federal habeas action was removed; (C) a constitutional right on which Petitioner relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, there is no claim that the circumstances set forth in § 2244(d)(1)(B)-(D) apply. Under § 2244(d)(1)(A), Petitioner had thirty days in which to file a notice of appeal pursuant to Ga. Code Ann. § 5-6-38(a) following his convictions on February 13, 2013. Petitioner did not do so, and the thirty-day period expired on March 15, 2013. Petitioner's convictions thus became final on that date. *See Bridges*

*v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).[1]

Petitioner waited 272 days, until December 12, 2013, to file his habeas petition in the Washington County Superior Court. At that time, Petitioner had ninety-three days remaining in which to file a § 2254 petition. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003) (per curiam).

A tolling period exists for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petition was properly filed, and the time during which it was pending was statutorily tolled. "[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." *Dolphy v. Warden*, 823 F.3d 1342, 1345 (11th Cir. 2016) (per curiam). The Georgia Supreme Court issued the remittitur for the denial of Petitioner's application for a certificate of probable cause on October 3, 2016. The one-year statute of limitations expired ninety-three days later,

---

[1] On March 25, 2013, Petitioner filed a motion to withdraw guilty plea, which was dismissed for lack of jurisdiction on May 20, 2013. [Docs. 9-2, 9-3.] That motion is irrelevant because Petitioner improperly filed it after the expiration of the court term in which he was convicted. [*See* Doc. 9-3.] *See* 28 U.S.C. § 2244(d)(2).

4

on January 4, 2017.

Petitioner executed his § 2254 petition twenty-six days late, on January 30, 2017. Petitioner fails to show that he is (1) entitled to equitable tolling,[2] or (2) actually innocent.[3]

Accordingly, the undersigned **RECOMMENDS** that Respondent Conley's motion to dismiss, [Doc. 7], be **GRANTED** and this action be **DISMISSED** as untimely. Petitioner's motion for evidentiary hearing, [Doc. 11], is accordingly **DENIED AS MOOT**.

## II. Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

---

[2] "Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[3] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a petitioner's] failure timely to file" a habeas petition. *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that this § 2254 action is untimely. If the District Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from

6

the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that (1) Respondent Olens's motion to dismiss as improper party respondent, [Doc. 8], is **GRANTED**, and (2) Petitioner's motion for evidentiary hearing, [Doc. 11], is **DENIED AS MOOT**.

**IT IS RECOMMENDED** that (1) Respondent Conley's motion to dismiss, [Doc. 7], be **GRANTED**, (2) this action be **DISMISSED** as untimely, and (3) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate (1) Respondent Olens from this case, and (2) the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  19th  day of December, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)